IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANDREW U.D. STRAW,<br><br>                      Plaintiff,<br>v.<br><br>STATE OF UTAH,<br><br>                      Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:22-cv-00023-TC-CMR<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Cecilia M. Romero |

## I.     BACKGROUND

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 17). On January 10, 2022, Plaintiff Andrew U.D. Straw (Plaintiff or Mr. Straw) initiated this action by filing his Complaint (ECF 7), First Amended Complaint (ECF 8), a motion for leave to proceed *in forma pauperis* (ECF 1), and a motion for service of process (ECF 11). On the next day, the court granted his motion to proceed *in forma pauperis* and waived the prepayment of filing fees pursuant to 28 U.S.C. § 1915 (the IFP Statute) (ECF 6). In a separate order, the court denied his motion for service of process and restricted filings pending the screening of his First Amended Complaint pursuant to the IFP Statute (ECF 13). On August 18, 2022, the court issued an order granting Plaintiff leave to file an amended pleading addressing the failure to adequately plead standing (ECF 27). On the same day, Plaintiff filed a Second Amended Complaint (ECF 28). Upon review, Mr. Straw's Second Amended Complaint (ECF 28) fails to remedy the deficiencies of his original pleadings and therefore the court recommends dismissal of the action.

## II.     LEGAL STANDARDS

The court granted Mr. Straw leave to file his complaint pursuant to the IFP Statute. Under the IFP Statute, a court must dismiss any claims that are frivolous, malicious or fail to state a claim

upon which relief may be granted. 28 U.S.C. § 1915(e)(2). This includes dismissal based on lack of subject matter jurisdiction. Federal courts "are courts of limited subject-matter jurisdiction." *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015). Because of this, "there is a presumption against [this court's] jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005). To establish jurisdiction, the plaintiff "must 'allege in his pleading the facts essential to show jurisdiction' and 'must support [those facts] by competent proof.'" *United States ex rel Precision Co. v. Koch Indus.*, 971 F.2d 548, 551 (10th Cir. 1991) (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Because Mr. Straw is proceeding pro se, the court construes his pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, it is not the court's function to assume the role of advocate on behalf of pro se litigants. *See id.* The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997). The court reviews the Second Amended Complaint (ECF 28) in light of these standards.

### III.   DISCUSSION

Mr. Straw failed to meet his burden to establish standing by failing to sufficiently allege an injury in fact. Article III of the U.S. Constitution limits federal jurisdiction to the resolution of actual cases and controversies. U.S. Const. art. III, § 2. Standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Comm. to Save the Rio Hondo v. Lucero*, 102 F.3d 445, 447 (10th Cir. 1996) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). To maintain standing in this action, the plaintiff must establish that he "(1) suffered

an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 337 (2016) (citing *Lujan*, 504 U.S. at 560). The key issue in determining standing is "whether the party seeking relief has alleged such a personal stake in the outcome of the controversy as to assure . . . concrete adverseness . . ." *United States v. Richardson*, 418 U.S. 166, 173 (1974) (quoting *Flast v. Cohen*, 392 U.S. 83, 99 (1968)). To establish an injury in fact, "the plaintiff must show 'a distinct and palpable injury to [him]self.' An abstract injury is not enough . . ." *Ash Creek Mining Co. v. Lujan*, 969 F.2d 868, 875 (10th Cir. 1992) (quoting *Glover River Org. v. United States Dep't of Interior*, 675 F.2d 251, 254 (10th Cir. 1982)).

Here, Mr. Straw brings claims for alleged constitutional violations arising from the disciplinary proceedings against former Utah attorney Doug A. Bernacchi (Mr. Bernacchi). Mr. Straw attempts to assert standing based on the Utah Supreme Court's denial of his motion for leave to file an amicus curiae brief in those proceedings (ECF 28 ¶ 30). Mr. Straw further alleges that he has lost five law licenses and that both he and Mr. Bernacchi were "both unfairly disciplined in Indiana" and "have a joint interest in preventing unfair discipline to other licenses in other states" (*id.* ¶¶ 16, 44). All of Mr. Straw's grievances amount to generalized claims of government misfeasance arising out of attorney disciplinary proceedings in Utah. Indeed, Mr. Straw acknowledges he "was not a party to the case and not an attorney for Mr. Bernacchi," but he claims standing as "a layperson in Utah who wanted to assist another layperson who was being violated with nonsensical attorney discipline processes" (*id.* ¶ 72). This abstract injury is "precisely the type of undifferentiated and generalized grievance about the conduct of government that courts have declined to consider based on standing." *See, e.g.*, *Brunson v. Adams*, No. 1:21-cv-0111-JNP-JCB, 2022 WL 316718, at *1 (D. Utah Jan. 6, 2022), *report and recommendation adopted* 2022

WL 306499 (D. Utah Feb. 2, 2022), *aff'd* No. 22-4007, 2022 WL 5238706 (10th Cir. Oct. 6, 2022). Mr. Straw's generalized grievances against Utah attorney disciplinary proceedings as set forth in the Second Amended Complaint (ECF 28) are insufficient to establish Article III standing as required for federal jurisdiction. Dismissal of the Second Amended Complaint (ECF 28) is therefore appropriate under 28 U.S.C. § 1915(e)(2).

## RECOMMENDATION

Accordingly, for the foregoing reasons, the undersigned **RECOMMENDS** that the district judge **DISMISS** Plaintiff's Second Amended Complaint for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2).

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 14 February 2023.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah